929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Efrain CACERES, a/k/a The Old Man, Defendant-Appellant.
 No. 90-5049.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1990.
Decided April 1, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CR-89-202-WS)
 Thomas Jeffery Keith, Winston-Salem, N.C., for appellant.
 Robert Holt Edmunds, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before CHAPMAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jose Efrain Caceres appeals his conviction and the subsequent 12-year sentence he received after pleading guilty to distributing cocaine. Caceres pled guilty in February 1990 to distributing cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). After Caceres was convicted and sentenced on April 26, 1990, he sought to appeal his conviction and sentence. However, pursuant to Anders v. California, 386 U.S. 738 (1967), Caceres's attorney examined the record and determined that there were no meritorious issues to appeal, but perfected Caceres's right to appeal. Caceres then filed a pro se brief raising three claims. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm Caceres's conviction.
 
 
 2
 Caceres first claims that the district court erred by allowing him to plead guilty to distributing cocaine in Forsyth County, North Carolina, despite the fact that he was never in Forsyth County prior to his arrest. This inaccuracy in the indictment does not entitle Caceres to relief, since Caceres's plea colloquy reveals there was a factual basis presented at his guilty plea hearing supporting his conviction as an aider and abettor for the substantive offense for which he was charged. A person who is charged solely for commission of a substantive crime may be convicted as an aider and abettor even if he is not so charged in the indictment. United States v. Kegler, 724 F.2d 190 (D.C.Cir.1984); United States v. McCambridge, 551 F.2d 865 (1st Cir.1977); United States v. Frye, 548 F.2d 765 (8th Cir.1977). Therefore, this claim must be dismissed.
 
 
 3
 Caceres's second claim is that he was denied the effective representation of counsel because his attorney was too preoccupied with running for elective office to properly represent him. However, ineffective assistance claims should be raised in a 28 U.S.C. Sec. 2255 petition and not on direct appeal unless it conclusively appears the defendant was not provided effective representation. United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981). Because Caceres has not conclusively shown that he was not provided with effective representation, we need not address the merits of this claim here.
 
 
 4
 Caceres's third claim alleges that the district court violated Fed.R.Crim.P. 32 by failing to ask him whether he discussed the presentence report with his attorney or ask him whether there were any items in the report he wished to contest. However, it is clear that the district court complied with Rule 32 by giving Caceres and his counsel an opportunity to read and discuss the presentence report, and affording them an opportunity to contest any alleged factual inaccuracies contained in it. Therefore, because the district court complied with Rule 32, this claim must also be dismissed.
 
 
 5
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that appointed counsel inform his client in writing of his right to petition the Supreme Court for a writ or certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Both counsel's and Caceres's requests that counsel be allowed to withdraw from further representation are therefore denied.
 
 
 6
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 7
 AFFIRMED.